UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO SANTOS,

    Plaintiff,

v.                                                 Case No. 8:17-cv-3033-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

The Plaintiff seeks judicial review of the Commissioner's decision terminating his Child Disability Benefits (CDB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

On July 18, 2001, the Social Security Administration (SSA) determined that the Plaintiff—then nineteen years old—was disabled and entitled to CDB[1] and SSI

---

[1] A CDB claimant receives benefits under his parent's Social Security number and must prove, *inter alia*, that he is a dependent of that parent and has a disability that began before the age of twenty-two. *See* 20 C.F.R. § 404.350.

beginning on March 1, 2001. (R. 565A). That determination was based upon a finding that the Plaintiff met the listing for schizophrenia. *Id.*

Nearly seven and a half years later, in November 2008, the Plaintiff filed an application for Disability Insurance benefits (DIB).[2] (R. 33A). On January 23, 2009, the Plaintiff was found to be not disabled as of December 31, 2018, and his DIB claim was therefore denied. *Id.* Despite the denial of his DIB claim, the Plaintiff continued to receive CDB and SSI.

Thereafter, in May 2013, as part of the continuing disability review process for entitlement to CDB and SSI, the SSA determined that the Plaintiff's condition had improved and that he was no longer disabled as of April 1, 2013. (R. 33B, 34-36). That initial decision was upheld on reconsideration. (R. 49-62).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on September 6, 2016. (R. 637-58). The Plaintiff was not represented at that hearing and testified on his own behalf. A vocational expert also testified.

On January 13, 2017, the ALJ issued a decision finding that the Plaintiff was no longer disabled as of April 1, 2013. (R. 19-31). In rendering this decision, the ALJ identified the SSA's July 18, 2001, decision as the comparison point decision (CPD) and found that, as of April 1, 2013, the Plaintiff's medical condition had improved and

---

[2] DIB, unlike CDB, is a benefit on an individual's own Social Security number provided he meets all the criteria for DIB. *See* Programs Operations Manual System (POMS) DI 10115.001(E)(2) (explaining that a claimant entitled to CDB may also be entitled to DIB on his own if he has worked).

that the medical improvement was related to his ability to work. (R. 21-26). In addition, the ALJ assessed the Plaintiff with the RFC to perform work at all exertional levels with some mental limitations and concluded that he was capable of performing a significant number of jobs in the national economy. (R. 26-30).

The Appeals Council denied the Plaintiff's request for review. (R. 10-12). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Once an individual has been found disabled, their continued entitlement to CDB or SSI must be reviewed periodically. 20 C.F.R. §§ 404.1594(a), 416.994(a). The Commissioner may terminate benefits upon a finding that (1) there has been "medical improvement" in the claimant's impairment or combination of impairments related to

---

[3] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

the claimant's ability to work; and (2) the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1).

"Medical improvement" is defined as "any decrease in the medical severity of . . . impairment(s) [that] was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1)(i), 416.994(b)(1)(i). In assessing whether there has been medical improvement, the Commissioner must compare the new medical evidence with the medical evidence that supported the most recent final decision finding that the claimant was disabled. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam); *see also* 20 C.F.R. §§ 404.1594(c)(1), 416.994(c)(1). This most recent favorable medical decision that the claimant was disabled is known as the CPD. *See* 20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(1)(vii).

As with other disability determinations, judicial review of a decision terminating benefits is limited to assessing whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citations and quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of*

*Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).[4]

III.

The Plaintiff's sole challenge on appeal is that the ALJ erred as a matter of law because she failed to identify the correct CPD date. (Doc. 26 at 4-5). The Plaintiff claims in this regard that date of the most recent favorable medical decision was January 23, 2009, rather than July 18, 2001, and, as a result, the ALJ should have conducted the medical improvement analysis using the 2009 date. *Id*. The Commissioner counters that July 18, 2001, was the appropriate CPD date, because that is the date of the most recent favorable decision, and thus no error occurred. *Id.* at 5-7.

After a thorough review of the record and the parties' submissions, the Court finds no error in the ALJ's CPD finding. The record reflects that the most recent favorable determination was on July 18, 2001, as the Commissioner argues. (R. 565A). The alternative January 23, 2009, date urged by the Plaintiff was not a favorable medical decision finding him disabled. Instead, as noted above, that date was when the Plaintiff was determined to be *not* disabled. (R. 33A).

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

The Plaintiff notes in his memorandum that the January 23, 2009, determination notice refers to a psychiatric review technique form dated January 21, 2009, which the Plaintiff presumably believes supports his disability argument. (Doc. 26 at 4). That psychiatric review technique form, however, does not appear in the record. Nor is it at all evident that this form contained any medical determination that the Plaintiff was disabled. The Plaintiff does not cogently argue to the contrary. Thus, the Court has no basis to conclude that the ALJ was in any way obligated to choose January 23, 2009, as the CPD, and it finds nothing improper or erroneous in the ALJ's finding that the favorable disability decision on July 18, 2001, was the correct CPD.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 28th day of February 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record